**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

| | | |
|---|---|---|
| CONNIE R. ROE, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Cause No. 1:17-cv-03071** |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| OCWEN LOAN SERVICING, LLC., and | ) | |
| SETERUS, INC., | ) | |
| *Defendants.* | ) | |

**COMPLAINT WITH JURY TRIAL DEMAND**

**PRELIMINARY STATEMENT**

1. This action is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable reinvestigations with respect to such information.

2. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 (West) *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources (called "furnishers") that provide credit information to credit reporting agencies.

## PARTIES

3. Plaintiff, Connie R. Roe (hereinafter "Roe"), is a natural person who resides in Mooresville, Indiana.

4. Roe is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C.A. § 1681a(c) (West).

5. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a credit bureau that conducts business in Indiana.

6. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and use interstate commerce to prepare and/or furnish the reports, and accordingly, are each considered a "consumer reporting agency" as that term is defined by 15 U.S.C.A. § 1681a(f).

7. Ocwen Loan Servicing, LLC. (hereafter "Ocwen") regularly and in the ordinary course of business furnished information to one or more consumer reporting agencies about Roe's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C.A. § 1681s-2 (West).

8. Seterus, Inc. (hereafter "Seterus") regularly and in the ordinary course of business furnished information to one or more consumer reporting agency about Roe's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C.A. § 1681s-2 (West)

## JURISDICTION AND VENUE

9. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 *et seq.*, jurisdiction of this Court arises under 28 U.S.C.A. § 1331 (West).

10. Venue is proper in this Court because a substantial part of the claim arose in Indiana, Roe resides in Indiana and all Defendants "reside" in Indiana, as that term is used in 28 U.S.C.A. § 1391 (West).

## FACTUAL ALLEGATIONS

11. On or about September 29, 2011, Roe filed a Chapter 13 bankruptcy proceeding in the Southern District of Indiana, under Cause No. 11-12255-JMC-13.

12. Seterus was listed on her Schedule D, showing a claim in the amount of $115,543.00. A copy of the aforementioned Schedule D is attached hereto as "Exhibit A."

13. Ocwen, via its predecessor in interest CitiMortgage, was also listed on Roe's Schedule D, showing a wholly unsecured claim in the amount of $43,619.00. *Id*.

14. Pursuant to Roe's Chapter 13 Plan, all payments to Seterus were to be made directly to it. A copy of the relevant portion of Roe's Chapter 13 Plan is attached hereto as "Exhibit B."

15. Roe met all requirements of her Chapter 13 bankruptcy and as a result, she received a discharge of her debts by Order dated December 24, 2016. A copy of the Order of Discharge is attached hereto as "Exhibit C."

INACCURATE INFORMATION REPORTED BY EQUIFAX

16. Sometime in February of 2017, Roe obtained a copy of her consumer credit report as published by Equifax.

17. The report contained erroneous information as provided by Seterus, published and reported by Equifax. Specifically, the Equifax credit report failed to reflect the many timely payments made by Roe to Seterus pursuant to her Chapter 13 Plan. Further, the report errantly suggested the debt was closed and/or discharged by reflecting a "Balance Amount" of $0, "Actual Payment Amount" of $0, and a "Scheduled Payment Amount" of $0.

18. In addition, the report also contained erroneous information as provided by Ocwen, now published and reported by Equifax. Specifically, the Equifax credit report errantly reflected that

Roe's obligation to Ocwen, via its predecessor in interest CitiMortgage, was "Charged Off" and without any reference to the fact it was discharged on December 24, 2016.

19. In a letter dated February 21, 2017, Roe disputed the inaccurate and misleading information to Equifax and advised Equifax of the specific facts that rendered the reporting inaccurate and misleading. A copy of the dispute letter is attached hereto as "Exhibit D."

20. Upon information and belief, Equifax timely notified Seterus and Ocwen of Roe's dispute in accordance with 15 U.S.C.A. § 1681i (West).

21. In response, within a document dated March 27, 2017, Equifax advised Roe that it had researched her dispute and the current status was being reported correctly. However, Equifax provided a copy of the tradelines as reported that reproduced at the errors identified by Roe in her original dispute letter and as set forth above. A copy of the Equifax reinvestigation report is attached as "Exhibit E."

22. Equifax was required to communicate the specifics of Roe's dispute to Seterus and Ocwen. Likewise, Seterus and Ocwen had a duty to investigate the dispute and accurately report their findings to Equifax.

23. Equifax had an affirmative duty to reasonably reinvestigate the dispute submitted by Roe and to accurately report the tradeline information notwithstanding the information it received from Seterus or Ocwen.

INACCURATE INFORMATION AS IT PERTAINS TO ALL DEFENDANTS

24. Equifax is responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared databases.

25. Equifax independently and jointly, breached their duties as described above.

26. Due to Equifax's failure to conduct reasonable reinvestigations of Roe's dispute, the lack of any indication on Roe's credit report of her ongoing timely payments to Seterus or that her former obligation to Ocwen had been discharged, were not appropriately deleted or modified.

27. By inaccurately reporting debt information after receiving notice of its errors, Equifax, Seterus, and Ocwen failed to take appropriate measures as set forth in 15 U.S.C.A. § 1681s-(2)(b)(1)(D) and 1681s-(2)(b)(1)(E).

28. As a result of Defendants' willful actions and omissions, Roe is eligible for actual damages, statutory damages, punitive damages and reasonable attorney's fees.

## TRIAL BY JURY

29. Roe is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNTS I & II: VIOLATION OF THE FCRA
**[**15 U.S.C.A. § 1681e(b) and 1681i (West)**]**

30. Roe incorporates by reference all preceding paragraphs as though fully stated herein.

31. Equifax willfully and/or negligently violated 15 U.S.C.A. §1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Roe's consumer reports.

32. Equifax also willfully and/or negligently violated 15 U.S.C.A. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Roe's dispute and by failing to appropriately delete or modify inaccurate information in Roe's file.

33. As a result of Equifax's violation of 15 U.S.C.A. § 1681e(b) and 15 U.S.C.A. §1681i, Roe has suffered actual damages including but not limited to the payment of increased costs of credit or the denial of credit, certain out-of-pocket expenses, and emotional distress. Roe is therefore entitled to recover actual damages pursuant to 15 U.S.C.A. § 1681n and 1681o (West).

34. Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C.A § 16810.

35. Roe is entitled to recover costs and attorney's fees from Equifax pursuant to 15 U.S.C.A. § 1681n and 1681o.

**COUNT III: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
[15 U.S.C.A. § 1681s-2(b)]

36. Roe incorporates by reference all preceding paragraphs as though fully stated herein.

37. Seterus willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Roe's dispute from one or more consumer reporting agencies, and/or by failing to review all relevant information provided by the consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

38. As a result of Seterus' violations of 15 U.S.C.A. § 1681s-2(b), Roe has suffered actual damages and is therefore entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

39. Seterus's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

40. Roe is entitled to recover costs and attorney's fees from Seterus pursuant to 15 U.S.C.A. § 1681n and 1681o.

**COUNT IV: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
[15 U.S.C.A. § 1681s-2(b)]

41. Roe incorporates by reference all preceding paragraphs as though fully stated herein.

42. Ocwen willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Roe's dispute from one or more consumer reporting agencies, and/or by failing to review all relevant information provided by the consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

43. As a result of Ocwen's violations of 15 U.S.C.A. § 1681s-2(b), Roe has suffered actual damages and is therefore entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

44. Ocwen's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

45. Roe is entitled to recover costs and attorney's fees from Ocwen pursuant to 15 U.S.C.A. § 1681n and 1681o.

**WHEREFORE**, Roe respectfully requests the following relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages pursuant to 15 U.S.C.A. § 1681n;

d. Reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1681n and/or 1681o;

e. That an Order be issued for the Defendants to modify, delete or block the inaccurate information being reported; and

f. Such other and further relief as may be just and proper.

Respectfully submitted,

*/s/ Keith L. Hancock*
Keith L. Hancock, 26397-49
**BARKER HANCOCK & COHRON**
198 South Ninth Street.
Noblesville, IN 46060
Telephone: (317) 219-4746
khancock@bhclegal.com
***Attorney for Plaintiff***